**So Ordered.**



Patricia C. Williams
Bankruptcy Judge

**Dated: September 5th, 2013**

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>LLS AMERICA, LLC, et al.,<br><br>　　　　　　Debtor(s). | DC Case No. 11-cv-00357-RMP<br><br>Case No. 09-06194-PCW11 |
| BRUCE P. KRIEGMAN, solely in his capacity as court-appointed Chapter 11 Trustee for LLS America, LLC<br><br>　　　　　　Plaintiff(s),<br><br>vs.<br><br>MARK BIGELOW, et al.,<br><br>　　　　　　Defendant(s). | Adversary No. 11-80299-PCW<br><br>MEMORANDUM DECISION RE: PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON CERTAIN SECTION 544(b)(1) REQUIREMENTS AND APPLICABLE REACH-BACK PERIODS (ECF NO. 435) |

## Introduction

Plaintiff seeks judgment as a matter of law that he has satisfied the requirements of 11 U.S.C. § 544(b)(1) such that he is entitled to seek avoidance and recovery of fraudulent transfers under RCW 19.40.41(a)(1) reaching back to 1997.

MEMORANDUM DECISION RE: PLAINTIFF'S . . . ~ Page 1

The facts pertinent to the numerous related adversary proceedings are lengthy and involved and have been reiterated numerous times in prior memoranda issued by this court. For the purposes of this partial summary judgment, the court bases its opinion upon Plaintiff's LR 56 Statement of Undisputed Facts (ECF No. 436 filed August 1, 2013), and the other pleadings filed in support of the motion (ECF Nos. 437, 438, 439, 440, 441, 485 and 486), as well as the objections filed by the defendants (ECF Nos. 477 and 481).

I.

**Discussion of Applicable Statute of Limitations**

Plaintiff requests a legal determination that he is entitled to avoid and recover all actual fraudulent transfers made by the debtor since 1997 pursuant to RCW 19.40.041(a)(1) and RCW 19.40.091(a), as authorized under § 544(b)(1) of Title 11 of the United States Code (the "Bankruptcy Code").

Trustees in bankruptcy court may avoid fraudulent transfers made by the debtor within two years of the filing of the bankruptcy petition. 11 U.S.C. § 548. Trustees in bankruptcy court also have "strong arm powers" under 11 U.S.C. § 544(b), which authorizes trustees to avoid fraudulent transfers under state law. The term "strong arm powers" refers to the fact that the trustee is authorized to avoid all fraudulent transfers if there is a single unsecured creditor called a "triggering creditor," which, at the time of the filing of the bankruptcy petition, could have avoided even one such transfer.

Additionally, any statute of limitation applicable to that triggering creditor is tolled for two years after the appointment of the trustee. 11 U.S.C. § 546(a).

Section 544(b)(1) of the Bankruptcy Code provides that "the trustee may avoid any transfer of an interest of the debtor in property . . . that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title . . . ." 11 U.S.C. § 544(b)(1). As a prerequisite to recovering under § 544(b):

> [T]he trustee must show "that at least one of the present creditors of the estate, holding an allowable claim, was an actual unsecured creditor or the successor in interest of an actual unsecured creditor against whom the transfer was fraudulent and voidable under the controlling state or federal law."

*In re Independent Clearing House Co.*, 77 B.R. 843, n.30 (D. Utah 1987), *quoting* 4 *Collier on Bankruptcy* ¶ 544.03(1) at 544-20 (L. King 15th ed. 1987). Plaintiff argues that the existence of such a "triggering creditor" gives the trustee an unlimited right to invoke state law avoidance powers, *citing In re Acequia, Inc.*, 34 F.3d 800, 809 (9th Cir. 1994) and *In re Independent Clearing House Co.*, 77 B.R. at 863. Furthermore, plaintiff asserts that under § 544(b)(1), the trustee stands in the shoes of the debtor corporation's unsecured creditors. *In re Agricultural Research & Tech. Group, Inc.*, 916 F.2d 528, 534 (9th Cir. 1990).

The existence of a § 544(b) cause of action depends upon whether or not a creditor holds a viable claim against the debtor at the time the bankruptcy petition is filed. *Acequia*, 34 F.3d at 807 (*quoting In re McDowell*, 87 B.R. 554, 558 (Bankr. S.D.

Ill. 1988). In these related adversary proceedings, it is undisputed that several "triggering creditors" exist. The bankruptcy petition was filed on July 21, 2009. There are several creditors who initially transferred funds to the debtor within one year of the filing of the bankruptcy petition. Those creditors hold allowed unsecured claims. Those creditors at the time of the bankruptcy filing held causes of action against the debtor under state law, RCW 19.40, etc. [the Uniform Fraudulent Transfers Act (UFTA)], as the statute of limitations had not expired as of the date of filing the bankruptcy petition.

RCW 19.40.091(a) provides that a cause of action under RCW 19.40.041(a)(1) (transfers made with the actual intent to hinder, delay or defraud creditors) shall be extinguished "within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered." The Washington Supreme Court has interpreted RCW 19.40.091(a) to provide "a one-year period from the date of discovery of the fraudulent nature of the transfer within which to initiate a claim under the UFTA." *Freitag v. McGhie*, 133 Wn.2d 816, 824 (1997). The Washington Supreme Court rejected the argument that the statute of limitations should begin to run when an aggrieved creditor knew or should have known of the **existence** of the transfer rather than when the aggrieved creditor knew or should have known of the **fraudulent nature** of the transfer. *Id*. Therefore, a creditor can pursue state law claims for any

fraudulent transfer discovered or which reasonably should have been discovered if the discovery occurred within one year of the bankruptcy petition, even though the transfer occurred more than four years prior to the bankruptcy petition. Due to his strong arm powers, the trustee holds the cause of action arising under RCW 19.40, etc., and may seek to avoid all fraudulent transfers made by the debtor. *In re Agricultural Research & Tech. Group, Inc.*, 916 F.2d at 534. Clearly, the triggering creditors had the right to recover transfers occurring within four years prior to the bankruptcy proceeding and thus the trustee holds a valid cause of action under § 544(b).

> Under this statutory framework, the existence of a "triggering creditor" under section 544(b) gives the trustee an unlimited right to invoke state-law avoidance powers.

*In re Acequia, Inc.*, 34 F.3d at 809. The defendants do not dispute this conclusion.

The trustee argues that with respect to transfers made with the actual intent to hinder, delay or defraud creditors, he is entitled to sue to avoid all such transfers made since the debtor's inception in 1997. The defendants disagree. Pursuant to the holding in *Freitag*, an aggrieved party has a one-year period from the date of discovery on the fraudulent nature of the transfer within which to initiate a claim under the UFTA. Assuming that the triggering creditors discovered the fraudulent nature of the debtor's transfers immediately after becoming creditors by submitting their initial deposit to

MEMORANDUM DECISION RE: PLAINTIFF'S . . . ~ Page 5

11-80299-FPC    Doc 505    Filed 09/05/13    Entered 09/05/13 10:29:52    Pg 5 of 8

debtor, the one-year discovery period to initiate a claim under RCW 19.40.091(a) would not have expired prior to the petition date.

The dispute relating to this motion is whether the trustee, due to the "date of discovery" language in RCW 19.40.091(a), can recover transfers which occurred earlier than four years prior to the bankruptcy petition.

## II.

### Timeliness of the Plaintiff's Motion

A preliminary matter to be addressed by the court is the timeliness of the motion. The responses by defendants represented by Foster Pepper PLLC (ECF No. 477 filed August 21, 2013) and defendants Anne, David and Dean Stack (ECF No. 481 filed August 23, 2013) jointly assert that the plaintiff's motion is untimely pursuant to this court's Amended Case Schedule Order Re Non-Common Issues (ECF No. 219 filed on February 8, 2013) and the Second Amended Case Schedule Order Re Non-Common Issues (ECF No. 469 filed on August 19, 2013).[1]

The defendants argue that the scheduling orders contemplate that all dispositive motions be filed by July 25, 2013. Plaintiff responds that August 1, 2013 was the deadline set for non-dispositive motions. Arguing that this motion is a non-dispositive

---

[1] Defendant Cilwa filed a Motion to Strike (ECF No. 464) the plaintiff's Motion for Partial Summary Judgment on the same basis. He orally withdrew that Motion to Strike at the hearing held on August 29, 2013.

motion, plaintiff maintains the filing on August 1, 2013 is timely. Plaintiff argues that the motion relates to the reach-back period under § 544 and is not dispositive of any particular claim against any particular defendant.

BLACK'S LAW DICTIONARY (9th ed. 2009), defines "dispositive" as "[b]eing a deciding factor; (of a fact or factor) bringing about a final determination." Plaintiff's partial summary judgment motion seeks a legal determination of the applicability of the statute of limitations. It does not determine or decide any factual matter, nor does it bring about a final determination as to the merits of any particular claim against any particular defendant. However, the court concludes that the motion is a dispositive motion as the resolution of the motion affects the legal rights of certain defendants.

Any ruling on the merits of this motion determines whether the defendants in the related adversary proceedings have a defense to the plaintiff's claim for recovery of transfers occurring more than four years prior to the bankruptcy. A ruling of law which establishes or nullifies a defense to a plaintiff's right to recover under an applicable statute of limitations is a dispositive motion.

## **CONCLUSION**

The conclusion that the subject motion is a "dispositive" motion renders the motion untimely under the scheduling orders. This court has historically enforced deadlines in scheduling orders, and there are no circumstances in this situation to justify an exception to the court's usual practice. Also, due to the scheduled trial date

of the adversary involving some of the objecting defendants, it is inefficient to have the merits of this issue considered both by this court and the District Court. Therefore, the plaintiff's Motion for Partial Summary Judgment (ECF No. 435) is **STRICKEN** and an order will be entered accordingly. The issue raised in the motion, i.e., the applicability of the statute of limitations, will be determined by the District Court.[2] As this does not constitute a ruling on the merits by this court, no report and recommendation to the District Court will be entered. The parties should invoke appropriate District Court procedures to obtain a resolution of the issue by that court.

///END OF MEMORANDUM DECISION///

---

[2] The form of any ruling on the merits would be a report and recommendation to the District Court. The District Court would then review the report and recommendation and either agree or disagree with this court's decision regarding the merits of the issue. Had the motion been filed timely, with the hearing on the motion occurring earlier, that review possibly could have occurred immediately prior to the trial scheduled for September 30, 2013. The week delay in filing the motion renders it impossible for the District Court to review any report and recommendation regarding the merits of the issue prior to the trial scheduled for September 30, 2013. *See* Fed. R. Bankr. P. 9033.